CENTRAL VICTORIA, LTD., PLAINTIFF AND APPELLEE, v. PÉREZ, MUNICIPAL COMMISSIONER OF CAROLINA, DEFENDANT AND APPELLANT.

## APPEAL from the District Court of San Juan in Injunction Proceedings.

No. 2507.—Decided April 28, 1922.

MUNICIPAL TAX—MUNICIPAL ORDINANCE—VALIDITY OF MUNICIPAL ORDINANCE—CERTIORARI.—Generally certiorari is the proper proceeding for testing the validity of a municipal ordinance.

ID.—ID.—MANUFACTURE OF SUGAR.—*Prima facie* it is the manufacturer of sugar and not the planter who must pay a tax levied by a municipal ordinance requiring the payment of a certain sum of money for every hundredweight of sugar manufactured within the municipality.

The facts are stated in the opinion.

*Mr. J. B. Soto* for the appellant.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The Municipality of Carolina passed an ordinance whereby it imposed a tax of ten cents on every hundredweight of sugar manufactured in the municipality. The court below held the ordinance invalid on various grounds. The appellant has filed an assignment of errors, but, improperly in that assignment, also outlines the argument. The outline of the argument might be contained in an index to the brief, or at the beginning of the discussion of each error, but the assignment of errors should contain nothing but the errors in their absolute form.

The first assignment of error is that the ordinance is unconstitutional because in violation of section 3 of the Organic Act. We have elaborately discussed this question in the case of *Sucs. of C. & J. Fantauzzi* v. *Municipal Council of Arroyo, ante,* p. 390, and we have freely used the brief of counsel for the appellant.

The second assignment of error relates to the alleged lack of uniformity. We have also discussed this in the *Fantauzzi*

*Case, supra,* and decided that an excise tax like the one before us is not invalid on this account.

The third assignment of error involves the question of whether this tax has already been covered by any insular tax. This question we also discussed in the *Fantauzzi Case, supra.* Appellant also maintains that the power to impose a license tax was granted to the municipalities, but that there was no showing that the municipality in this case had exercised the power. Indeed, appellant implies that it had not used the power. There is force in the appellant's argument, but we prefer to base our decision on the more general lines of the *Fantauzzi Case.*

The fourth assignment of error is concerned with the nature of the tax, whether a property tax or not and hence double or prohibited.

That this should be considered as a tax on the process of manufacturing and not a tax on property as such, is an object of our discussion in the *Fantauzzi Case, supra.* As shown therein, even when articles manufactured are taxed as such, the tax is supposed to fall on the occupation, manufacture or business and not on property. *Patton* v. *Brady,* 184 U. S. 608; *Stratton's Independence* v. *Howbert,* 231 U. S. 399, 414, and cases.

In his fifth assignment of error the appellant discusses the alleged unreasonableness of the ordinance. The court implies that the ordinance would be confiscatory, but no such showing was made. We are not satisfied with the reasoning of the court in this regard. The court says:

"Ten cents per hundredweight of sugar, whether paid by the manufacturer or by the farmer, is an arbitrary tax, created without consideration of the cost of production. It is a fact of general knowledge that the wages of sugar plantation hands in Porto Rico went up, in the short space of two years, from seventy-five or eighty cents to two dollars and fifty cents or three dollars per day, and came down again to one dollar and twenty-five cents or one dollar

and fifty cents. A fixed tax of ten cents per hundredweight, without considering these fluctuations or the above mentioned fluctuation in the market price of the article taxed, is not only arbitrary and oppressive, but also confiscatory and destructive of the industry; and we can not overlook the fact that at least one-third of the population of Porto Rico depend upon the sugar industry for their maintenance."

The courts cannot anticipate the variations in the sugar market, and the complainant, as we have indicated, would have to show that the rate was oppressive or excessive or even confiscatory.

The sixth alleged error relates to the question of whether injunction is the proper remedy in a case of this kind. The court below seems disposed to admit that ordinarily injunction would not lie to review a municipal ordinance, but holds that injunction would lie when the ordinance was unconstitutional. The Municipal Law of 1919, acts of that year, p. 722, perhaps leaves the question a little in doubt, although section 65 (b) would expressly only permit injunction when the ordinance infringed constitutional rights, but not to test the validity in general. Such a right would seem to be given by means of certiorari under section 65 (a). We incline to the view that injunction does not lie, especially as it would seem to be prohibited by the Injunction Act of 1906. In any event, as we have held that the ordinance was constitutional, the writ would not lie.

The court, besides, in its opinion says that the ordinance is not clear, inasmuch as it does not say who should pay the tax, whether the *colono* or the owner of the mill. But the ordinance says that ten cents shall be collected on every hundredweight of sugar manufactured, and we decide that *prima facie* it is the manufacturer who must pay the tax.

Finding no reason why this ordinance should be declared unconstitutional or void, the writ in this case did not lie and

the order must be reversed and the bill dismissed without costs.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.